UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-80187-BLOOM/Reinhart

ANTONY PAYTON,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER ON MOTION FOR LEAVE TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE**

**THIS CAUSE** is before the Court upon the *pro se* Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3] (the "Application" or "Motion"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] (the "Complaint"), seeking review of a Social Security Disability or Supplemental Security Income Decision. Plaintiff Antony Payton ("Plaintiff") has not paid the required filing fee and, thus, the screening provisions of 28 U.S.C. § 1915(e) are applicable. The Court has carefully reviewed the Complaint, the Application, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** and the Application is **DENIED AS MOOT**.

Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit

that includes a statement of all assets such [person] possesses that the person is unable to pay such fees. . . ." 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

In addition to the required showing that the litigant, because of poverty, is unable to pay for the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the complaint.

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Importantly, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

Nevertheless, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id.* (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted).

Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

The Complaint in this case must be dismissed because the Court lacks jurisdiction to review the Commissioner's decision at this time. Although the Plaintiff asserts that he is seeking review of the Administrative Law Judge's decision, and has attached that decision to the Complaint, the Complaint does not allege that he has sought review by the Appeals Council, or that the Appeals Council has rendered a final decision regarding his claim. 42 U.S.C. § 405(g) provides the jurisdictional basis for judicial review in Social Security matters as follows:

> Any individual, after any **final decision** of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

(emphasis added). Therefore, the three prerequisites set forth for judicial review in § 405(g) are: (1) a final decision made by the Commissioner after a hearing, (2) the commencement of a civil action within sixty days of the mailing of notice of the Commissioner's final decision, and (3) the filing of the action in an appropriate district court. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). The Commissioner's decision is considered "final" only after completing the four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. Thus, if a plaintiff fails to request review from the Appeals Council, "there is no final decision and, as a result, no judicial review. . . ." *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) (citing 20 CFR § 404.900(b)). "In administrative-

law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies." *Id*.

Because it is not clear from the Plaintiff's Complaint, or the materials attached, that Plaintiff requested review by the Appeals Council, Plaintiff has failed to establish that this Court has jurisdiction under § 405(g). It is axiomatic that the Court cannot consider Plaintiff's claims without proper jurisdiction. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 84 (U.S. 1998) ("In a long and venerable line of cases, this Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit.") (citations omitted).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE.**
2. Plaintiff's Application, **ECF No. [3],** is **DENIED AS MOOT.**
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of February, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Antony Payton, *pro se*
1345 W. 26 Court
Riviera Beach, FL 33404